IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ANDREA KABACINSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 13-1582-GMS |
| | ) | |
| STATE OF DELAWARE DEPARTMENT | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

The plaintiff, Andrea Kabacinski ("Kabacinski"), filed this lawsuit on behalf of her minor

child pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12133.  (D.I. 2.)  She appears

*pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

(D.I. 4.)  The court now proceeds to review and screen the complaint pursuant to 28 U.S.C. §

1915(e)(2).

## I. BACKGROUND

Kabacinski alleges that her daughter was enrolled in the Delaware public school system,

beginning in the fall of 2007.  Kabacinski had difficulty enrolling her daughter and, according to

Kabacinski, once she was enrolled she was not provided with an appropriate public education.

More specifically, Kabacinski alleges that her daughter was not given appropriate testing for IEP

services for specific learning disorders and she was misdiagnosed (cognitively delayed/mentally

retarded).  Not satisfied with the test results, Kabacinski had her daughter tested through a

children's hospital, but the school district refused to accept the test results (no global

developmentally delays) on the ground that the tests were performed "out of district."  The

school district advised Kabacinski that the IEP for cognitively delayed/mentally retarded would

stand for three years. In addition, Kabacinski alleges that her daughter was not provided with a private tour of the school, small classes, a typing class, or a laptop to complete her assignments.

Kabacinski and her daughter moved to another city in Delaware that Kabacinski had been informed had "great schools for dyslexic students," but it turned out "not to be true." Her daughter repeated the eighth grade. Kabacinski again sought testing for her daughter and, again, the school district refused to accept the test results and recommendations because they were "out of district." Once again, Kabacinski was advised that the IEP for cognitively delayed/mentally retarded would stand for three years.

Following an incident with the Delaware Child Protective Services, Kabacinski's former spouse decided that their daughter should attend a school for special needs students. A meeting was held at the regular school and it was decided that the daughter would be placed in the special needs school. Following an incident around Spring Break, Kabacinski had the daughter tested a third time and, a third time, the school district refused to accept the test results and recommendations on the grounds that they were "out of district" and that its IEP would stand for three years. Kabacinski ultimately decided to home-school her daughter until she could find an acceptable school.[1]

Kabacinski alleges that her daughter's civil rights were violated as a student in the public school system in the State of Delaware. The complaint does not contain a prayer for relief.

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is

---

[1]Kabacinski also alleges that her daughter was bullied at each school she attended.

immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Kabacinski proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Kabacinski leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the

3

elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that Kabacinski has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege Kabacinski's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

The complaint does not indicate under which statute Kabacinski proceeds. However, the civil cover sheet refers to the Americans with Disabilities Act ("ADA"). Therefore, liberally the complaint, as the court must, it appears that the claims are raised under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

The complaint indicates that Kabacinski's daughter began attending school in the Delaware school districts in the fall of 2007. It appears that Kabacinski's daughter stopped

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

attending Delaware public schools after two or three years and that Kabacinski began home-schooling her around approximately 2010. The complaint was filed on September 19, 2013.

The statute of limitations applicable to claims under Title II of the ADA is the forum state's statute of limitations for personal injury actions. *See Disabled in Action of Pa. v. Southeastern Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008). In Delaware, the statute of limitations for a personal injury action is two years. *See* 10 Del. C. § 8119. Hence, it appears that the claims are time-barred. In addition, the complaint is deficiently pled given that Kabacinski does not indicate the relief she seeks. Therefore, the court will dismiss the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Nonetheless, because it is not clear when Kabacinski's daughter stopped attending Delaware public schools, Kabacinski will be given leave to amend.

## IV.  CONCLUSION

For the above reasons, the court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be grated. The plaintiff will be given leave to amend.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

_____ Dec 10 _____, 2013
Wilmington, Delaware